IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:11-CV-69-BO

| | |
|---|---|
| TIMOTHY BAYSDEN, BARBARA BAYSDEN, and STACEY BAYSDEN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF JACKSONVILLE, DETECTIVE TIMOTHY CARR, SERGEANT CHRISTOPHER BRADLEY, and JOHN DOES 1 through 10, <br><br> Defendants. | **ORDER** |

This case comes before the court on the motion (D.E. 19) by plaintiffs Timothy Baysden, Barbara Baysden, and Stacey Baysden (collectively "plaintiffs"), pursuant to Rule 37(a)(3)(A) of the Federal Rules of Civil Procedure[1], to compel initial disclosures from defendant City of Jacksonville, Detective Timothy Carr, and Sergeant Christopher Bradley (collectively "defendants") under Rule 26(a)(1). In support of their motion, plaintiffs filed a memorandum (D.E. 19). Defendants filed a response (D.E. 20) with exhibits ((D.E. 20) 8-44). The motion was referred to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the motion will be denied as moot.

## BACKGROUND

**I.     Allegations of Complaint**

The complaint (D.E. 1) alleges as follows: Plaintiffs are a husband and wife, who own and reside in a home in Jacksonville, North Carolina, with their plaintiff daughter, Stacey. (Compl. ¶¶

---

[1] All rules referenced in this Order are rules in the Federal Rules of Civil Procedure.

2-4, 9). On 20 December 2010, several members of the City of Jacksonville police department entered plaintiffs' home without a search warrant. (*Id.* ¶ 10). The officers would not let plaintiffs into their own home while a search warrant was being obtained. (*Id.* ¶¶ 13, 14). The search warrant, ultimately obtained, concerned alleged illegal drug activities conducted by Jonathan Baysden, the son of Timothy and Barbara Baysden and brother of Stacey Baysden. (*Id.* ¶¶ 15-17). Plaintiffs argue that the search warrant lacked probable cause. (*Id.* ¶¶ 18-20).

The complaint asserts a claim for trespass under North Carolina law and a claim for unreasonable search and seizure under the United States and North Carolina Constitutions. (*Id.* 7). Plaintiffs seek injunctive relief, compensatory damages, punitive damages, and other relief. (*Id.* 7-8). Defendants answered (*see* D.E. 13), denying any wrongdoing.

**II.    Disclosure Proceedings**

Under the Scheduling Order (D.E. 16), initial disclosures pursuant to Rule 26(a)(1) were due on 29 July 2011. Defendants provided their initial disclosures (D.E. 19) on 15 August 2011. Defendants' initial disclosures identified two officers by name who were likely to have disclosable information and stated that there were others, but did not identify them. (Defs.' Initial Disc. 6 ¶¶ A.1, 2). Defendants did not produce or identify any documents as part of their initial disclosures. (*Id.* 6-7 ¶ B). Instead, they stated that copies of various documents would be forthcoming "once the criminal proceedings are completed pursuant to N.C. Gen. Stat. § 132-1.4." (*Id.*). This statute provides that records of criminal investigations are not public records and may be released only by order of a court of competent jurisdiction. N.C. Gen. Stat. § 132-1.4(a).

2

# DISCUSSION

## I. Applicable Legal Standards

Rule 26(a)(1) requires each party to disclose to the other parties certain information or documents without receiving any request for them. Specifically, a party must disclose to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1).

Rule 37 allows for the filing of a motion to compel where a party fails to provide initial disclosures as required. Fed. R. Civ. P. 37(a)(3)(A). In addition, Rule 37(a)(5)(A) requires that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances. Fed. R. Civ. P. 37(a)(5)(A). The rule states in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> . . .

(ii) the opposing party's nondisclosure, response, or objection was substantially justified . . . .

*Id.* Courts have held that an award of reasonable expenses incurred is appropriate where the moving party has acted in good faith, attempted to resolve the matter without court intervention, and the non-moving party has failed to comply with its obligations under the Federal Rules of Civil Procedure. *See, e.g., Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733-34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions).

**II.     Plaintiffs' Motion**

By their motion, plaintiffs seek an order compelling defendants to provide the names and addresses of all persons with discoverable information and to produce the disclosable documents defendants stated were subject to N.C. Gen. Stat. § 132-1.4(a). Plaintiffs reject defendants' objection under that statute on the grounds that none of the plaintiffs has any criminal charges pending against them.

But, as stated by defendants in their response, a criminal case has now been brought against Jonathan Baysden, the son of plaintiffs Timothy and Barbara Baysden. Further, defendants obtained the release of the criminal file for the case from the Assistant District Attorney and have served on plaintiffs and filed with the court supplemental initial disclosures (D.E. 20 at pp. 4-44). The disclosures appear to include the documents plaintiffs seek and the names and addresses of additional persons who purportedly have discoverable information, which is purportedly identified in the documents. (*Se*e Supp. Disc. 4-6, 8-44). Based on defendants' service of their supplemental initial disclosures, the court DENIES plaintiffs' motion as moot.

Although defendants served their supplemental initial disclosures after the filing of plaintiffs' motion to compel, the court finds that an award of expenses is not warranted because defendants' lack of full disclosure at the outset was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). The court therefore declines to award any expenses incurred in connection with plaintiffs' motion to compel.

## CONCLUSION

For the reasons, plaintiffs' motion to compel (D.E. 19) is DENIED as moot. Each side shall bear its own expenses incurred in connection with the motion.

This 3rd day of October 2011

James E. Gates
United States Magistrate Judge